**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **BEST WESTERN INTERNATIONAL INCORPORATED,** | ) ) ) |
| Plaintiff, | ) CIV 10-00876 PHX MEA |
| v. | ) REPORT AND RECOMMENDATION |
| **SIDDHI HOSPITALITY LLC, HARSHADRAI M. PATEL, ,** | ) ) ) |
| Defendants. | ) |
| **HARSHADRAI M. PATEL, SIDDHI HOSPITALITY LLC,** | ) ) ) |
| Counter-Claimant, | ) |
| v. | ) |
| **BEST WESTERN INTERNATIONAL INCORPORATED,** | ) ) ) |
| Counter-Defendant. | ) |

**TO THE HONORABLE G. MURRAY SNOW:**

Plaintiff Best Western International Incorporated has agreed to the exercise of magistrate judge jurisdiction over all of the claims asserted, including the entry of final judgment. Defendants have appeared but have not consented to the exercise of magistrate judge jurisdiction. Before the Court is Plaintiff's motion for the entry of judgment by default (Doc. 22).

### I Procedural Background

Plaintiff filed its complaint on April 20, 2010. Service was returned as executed on each Defendant on or about May 16, 2010. See Doc. 8 & Doc. 9. The complaint alleges a cause of action based on the Lanham Act, i.e., trademark infringement in violation of 15 U.S.C. §§ 1114 and 1125. Defendants are prior members and licensees, who were ordered to discontinue use of Plaintiff's trade marks in 2009. Plaintiff contends that, as of September 13, 2010, Defendants had ceased to display Plaintiff's trade marks and, accordingly, Plaintiff "seeks liquidated damages only through March 24, 2010, the last date photographic proof exists of Defendants' misconduct." Doc. 22.

On or about June 11, 2010, Defendants filed an answer to the complaint and filed a counter-claim against Plaintiff. See Doc. 10. On June 15, 2010, Plaintiff moved to strike the answer and counter-complaint. See Doc. 11. Plaintiff filed an answer to the counter-complaint on June 16, 2010. See Doc. 13.

On June 22, 2010, the Magistrate Judge ordered Defendants to either consent to the exercise of Magistrate Judge jurisdiction over this matter or elect to have the matter assigned to a District Judge. See Doc. 14. Defendants did not respond to that order. On July 13, 2010, the Magistrate Judge issued an Order to Show Cause why Defendants should not be sanctioned or held in contempt for their failure to comply with the order at Doc. 14. See Doc. 15. Defendants failed to respond to the Order to Show Cause.

On July 26, 2010, the Honorable Susan Bolton set a show cause hearing for August 23, 2010. Defendants did not appear at the show cause hearing. See Doc. 19. Accordingly, Judge Bolton ordered Defendants to show cause in writing within ten days why their answer should not be stricken and their default entered. See Doc. 19 & Doc. 20. Judge Bolton ordered that, if Defendants failed to show cause, their answer would be stricken from the record and their default entered. See Doc. 20. Defendants did not respond to the order at Doc. 20 and Defendants' default was entered on September 9, 2010, and the answer to the complaint and counter-complaint were stricken from the record pursuant to Judge Bolton's order.

Plaintiff filed a motion for judgment by default against both Defendants on September 22, 2010. See Doc. 22.

**II Analysis**

Rule 55 provides that if "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a) (2010). Rule 55(b)(2) requires the application be accompanied with a declaration that the defaulting defendants are not minors, incompetent, or members of the armed services. Additionally, Rule 55 does not require the entry of judgment against a defaulting party and the entry of a judgment by default is completely within the Court's discretion. See, e.g., DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007), cert. denied, 129 S. Ct. 40 (2008); Draper v. Coombs, 792 F.2d 915,

924-25 (9th Cir. 1986); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). Default judgments are disfavored because public policy favors the resolution of civil cases on their merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); Lacy v. Sitel Corp., 227 F.3d 290, 292 (5th Cir. 2000)("federal courts should not be agnostic with respect to the entry of default judgments, which are 'generally disfavored in the law' and thus 'should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement.'"). Cf. Latsham v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).

When exercising its discretion in this regard, the Court may consider a variety of factors, including:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel, 782 F.2d at 1471-72. See also DIRECTV, Inc., 503 F.3d at 852.

When determining whether judgment by default should be granted, the Court must take as true all factual allegations in the complaint, except for those related to the amount of Plaintiff's damages. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977); Twentieth Century Fox Film Corp. v. Streeter, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006). Defendants' default functions as their admission of the

-4-

complaint's well-pleaded allegations of fact. See <u>Cripps v. Life Ins. Co.</u>, 980 F.2d 1261, 1267 (9th Cir. 1992); <u>Danning v. Lavine</u>, 572 F.2d 1386, 1388 (9th Cir. 1978). Facts necessary to establish each element of the cause of action stated in the complaint that are not themselves stated in the complaint and claims that are legally insufficient are not established by a defendant's default. See <u>Cripps</u>, 980 F. 2d at 1267; <u>Danning</u>, 572 F.2d at 1388.

**A. The prejudice to Plaintiff if default judgment is denied**

Plaintiff will be substantially prejudiced if default judgment is denied. Defendants' answer to the complaint was stricken from the record for Defendants' failure to respond to the Court's repeated orders to show cause. Defendants have not otherwise defended this matter. There is no indication in the record that Defendants will make any further appearance or otherwise defend against the claims stated in the complaint. Additionally, Plaintiff will be prejudiced, in the form of accumulating additional attorneys' fees, by any further delay in resolving these proceedings.

**B. The merits of Plaintiff's substantive claim**

The Court finds that Plaintiff's substantive claims are meritorious. Taking the facts of the complaint as true, Plaintiff has properly pled a claim for trademark infringement and unfair competition under 15 U.S.C. §§ 1114 and 1125. Plaintiff has also properly pled a cause of action for breach of contract.

**C. The sufficiency of the complaint**

The complaint sufficiently alleges jurisdiction over the parties and the subject matter at issue in this suit. The complaint sufficiently allege a factual predicate for the relief sought. The complaint names eligible defendants. The complaint and the motion for judgment by default are properly verified and accompanied by required affidavits.

**D. The sum of money at stake in this action**

Plaintiff seeks liquidated damages in the amount of $79,470.72. See Doc. 22 at 12. Plaintiff also seeks damages on Counts I and II of the complaint in the amount of $8,553.03, plus interest thereon at the rate of 1.5% per month from and after September 1, 2010. Plaintiff has represented to the Court that its claim for injunctive relief is moot. See id. Additionally, the contract between the parties specified that in the event of a breach the Defendants would be liable to Plaintiff for attorney's fees, costs, and expenses incurred with respect to the breach. Plaintiff requests an award of its attorney's fees, costs, and expenses, in the amount of $5,050.38.

**E. The possibility there would be a dispute concerning material facts if the case were to proceed**

It is unlikely that there would be a dispute concerning material facts if this case proceeds.

**F. Whether the default was due to Defendants' excusable neglect**

Defendants have had notice of these proceedings and Defendants have been repeatedly warned regarding their failure

-6-

to appear and abide by the Court's orders. Defendants have not objected to the striking of their answer and counter-complaint nor have Defendants responded to the motion for judgment by default. Defendants' default in this matter is not due to excusable neglect.

**G.  The strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits**

The entry of default judgment is disfavored. The Court should not enter a default judgment if Defendants would be entitled to have the default judgment set aside pursuant to Rule 60(b), Federal Rules of Civil Procedure. See, e.g., Educational Servs., Inc. v. Maryland State Bd. for Higher Educ., 710 F.2d 170, 177 (4th Cir. 1983); Martin v. Coughlin, 895 F. Supp. 39, 42 (N.D.N.Y. 1995).

At this time, Defendants would not be entitled to have a default judgment set aside and Plaintiff will be prejudiced if default judgment is not entered. It is also unlikely that Defendants could present meritorious defenses to Plaintiff's claims. Finally, it is unlikely that Defendants would be able to show good cause for their failure to answer the complaint or otherwise appear in this matter.

> The majority of courts hold that a defendant's conduct will be considered culpable only if the defendant has defaulted willfully, or has no excuse for the default. See, e.g., EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524 (11th Cir. 1990) (denial of motion to vacate default affirmed where defendant offered no meaningful reason for its having defaulted). A defendant's conduct has been determined to be "culpable" if he has received actual or constructive notice of the filing of the action and failed to

-7-

>answer. Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985). If the default was the result of culpable conduct on the part of the defendant, the court need not consider anything else in refusing to set aside the default judgment. Meadows v. The Dominican Republic, 817 F.2d 517, 522 (9th Cir. 1987); Pena v. Seguros Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985).

Hunt v. Cling Motor Co., 841 F. Supp. 1098, 1106-07 (D. Kan. 1994) (citations omitted).

Accordingly,

**IT IS RECOMMENDED that** Plaintiff's motion (Doc. 22) for the entry of judgment by default against all Defendants is **granted**. Judgment against Defendants with regard to all of the claims stated in the amended complaint should be entered in favor of Plaintiff.

**IT IS RECOMMENDED that** the Court award liquidated damages to Plaintiff in the amount of $79,470.72, and that the Court further award damages to Plaintiff in the amount of $8,553.03, plus interest thereon at the rate of 1.5% per month from and after September 1, 2010. Additionally, Plaintiff should be awarded Plaintiff's reasonable attorney's fees, costs, and expenses, in the amount of $5,050.38.

DATED this 13th day of December, 2010.

_____
Mark E. Aspey
United States Magistrate Judge